## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## MUTUAL INDUSTRIES, INC., Respondent.

### No. 21509.

United States Court of Appeals
Ninth Circuit.

Oct. 6, 1967.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul J. Spielberg, Atty., NLRB, Washington, D. C., Ralph E. Kennedy, Regional Director, NLRB, Los Angeles, Cal., for petitioner.

Harold H. Benjamin, Schoichet & Rifkind, Beverly Hills, Cal., Basil Feinberg, Los Angeles, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and HAUK,* District Judge.

PER CURIAM:

This is a petition to enforce an order of the National Labor Relations Board (159 N.L.R.B. No. 73). This court has jurisdiction under Section 10(e) of the National Labor Relations Act (29 U.S.C. § 151 et seq.). The respondent company in its operation in Los Angeles County was found in violation of Section 8(a) (5) and (1) of the Act by:

(1) refusing to bargain after recognition of a union;

(2) promising the employees a health insurance plan to discourage a pro-union vote.

There were fourteen employees of respondent in the bargaining unit. Eight signed authorization cards naming a union as their choice. When these authorizations were delivered to the plant manager, Meyers (not an inexperienced person in labor matters), he signed the union recognition agreement. He later insisted he thought it was merely a notice that the union was making an effort to organize the plant. This was clearly contrary to the plain terms of the document.

Some desultory efforts to negotiate a labor contract were made by both sides, but not much was accomplished, and although demands were made and discussed, the company decided to withdraw from negotiations because of alleged good faith doubt of the union's majority status, based on alleged misrepresentations made to three of the employees signing the authorization cards.

Before the examiner, the company took the position that it had negotiated out of courtesy, with no idea the union had, or claimed, a majority of employees.

On these factual disputed issues the trial examiner found that Eloy and Mario Elias (two of the eight signing employees) knew what they were signing when they signed the authorizations, and did not sign as a result of any material misrepresentation made to them by the union. We cannot disturb this factual determination, made by the Board, when there exists, as there here does, substantial evidence to support such a finding. Shattuck Denn Mining Corp. v. NLRB, 362 F.2d 466, 467 (9th Cir. 1966).

The Board also found, following the examiner's report, that the company's refusal to bargain was not based on a good faith doubt as to a majority. Again, there was substantial evidence in the record from which the Board could properly so find.

Nor was there error in the finding that the company attempted to influence the employees by promises of a group hospitalization plan. This subject was never broached to the union at

* Hon. A. Andrew Hauk, United States District Judge, Los Angeles, California, sitting by designation.

the time the union was the employees' representative. This was violative of § 8(a) (5) and (1). NLRB v. Katz, 369 U.S. 736, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962).

The petition for enforcement of the order is granted, in full.